NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2668
_____

ROBERT A. CONNELL,
                                        Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(Tax Court No. 16-14948)
Tax Court Judge:  Honorable Julian I. Jacobs
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 16, 2020

Before:  CHAGARES, PORTER and FISHER, *Circuit Judges*.

(Filed: August 6, 2020)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

The Internal Revenue Service issued a notice of deficiency to Robert Connell for

his 2011 taxes. Connell contested the deficiency. The United States Tax Court ruled in

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

favor of the IRS, concluding that the cancellation of over $3 million of debt Connell had owed to his former employer, Merrill Lynch, was taxable as ordinary income and not as a capital gain. Connell appeals. We will affirm.[1]

The District Court did not err in its articulation of the origin of the claim test. Connell argues that the Tax Court should not have relied on *State Fish Corp. v. Commissioner*,[2] but instead on "more recent decisions," such as *Gail v. United States*,[3] that emphasize "economic reality."[4] However, *State Fish* and *Gail* express the origin of the claim test in the same way: by asking, "In lieu of what were the damages awarded?"[5]

The Tax Court's application of this test was not clearly erroneous. We are "particularly deferential" to the Tax Court's "weigh[ing] [of] all of the facts and circumstances in ascertaining the true substance or nature of the claim."[6] Connell contends that the Financial Industry Regulatory Authority arbitration panel awarded him cancellation of the debt as compensation for his book of business, a capital asset, and therefore the cancellation of debt income should have been taxed as a capital gain. He

---

[1] The Tax Court had jurisdiction under 26 U.S.C. §§ 6213(a), 7442. We have jurisdiction under 26 U.S.C. § 7482(a). "We review the Tax Court's legal conclusions *de novo* and its factual findings for clear error." *Anderson v. Comm'r*, 698 F.3d 160, 164 (3d Cir. 2012).

[2] 48 T.C. 465 (1967).

[3] 58 F.3d 580 (10th Cir. 1995).

[4] Appellant's Br. 34-35.

[5] *State Fish*, 48 T.C. at 472 (citation omitted); *Gail*, 58 F.3d at 582 (citation omitted).

[6] *Francisco v. United States*, 267 F.3d 303, 322 (3d Cir. 2001) (internal quotation marks and citation omitted).

argues that the Tax Court "look[ed] only to the legal theories and terms" in his arbitration filings "rather than the factual economic realities of what actually happened here."[7] On the contrary, the Tax Court reviewed in depth Connell's recruitment to Merrill Lynch; the employment agreement and promissory note at the heart of this litigation; the circumstances surrounding Connell's departure from Merrill Lynch; and the arbitration, including the filings and the award.

With this thorough factual backdrop firmly in hand, the Tax Court determined that Connell did not carry his burden to show that the arbitration award was compensation for his book of business. This conclusion was not clearly erroneous. The Tax Court found that the $3.6 million loan, the balance of which the arbitration panel extinguished, was part of Connell's compensation package. Connell's "monthly transition compensation" was $42,980, and his monthly loan payment was also $42,980. The Tax Court found that "[t]his arrangement, common to the industry, allowed Mr. Connell to receive the full amount of his transition compensation up[ ]front, while recognizing income only as each monthly payment came due."[8] Neither Connell's employment agreement nor the promissory note state or imply that the compensation was the price paid for Connell's

---

[7] Reply Br. 7.

[8] JA13. In addition, Connell's monthly transition compensation was reported on his Merrill Lynch Form W-2. This also tends to show that the transition compensation was ordinary income, and therefore, so was the cancellation of the debt Connell owed on the loan that mirrored the compensation.

book of business. Moreover, Connell did not introduce evidence that would have shown that the value of his book was the same as the outstanding balance of the loan.

Nor did the Tax Court err in interpreting Connell's filings before the arbitration panel. The Tax Court stated that, aside from arguing that Merrill Lynch offered the loan to obtain Connell's book of business, Connell's arbitration "filings [also] emphasized that Merrill Lynch breached the terms of the employment contract."[9] According to the Tax Court, this latter "argument, by itself, would relieve Mr. Connell of his obligation to pay the outstanding balance of the promissory note."[10] Connell insists that (1) a breach by Merrill Lynch would not have relieved him of his repayment obligation, and (2) he never argued it would. To the first point, if Merrill Lynch had violated the employment agreement by terminating Connell other than for cause, Connell effectively would have been relieved of his obligation to repay the loan because he would have been entitled to up-front payment of the remainder of his monthly transition compensation—the loan balance and the up-front payment would have been the same amount and would have canceled each other out. To the second point, whether or not Connell articulated this argument in the arbitration, it is plain on the face of the employment agreement and promissory note.

---

[9] JA39.
[10] JA39.

Finally, the Tax Court did not misallocate the burden of proof because it did not require Connell to prove his theory to a certainty. Connell repeatedly asserted before the Tax Court that, when he was litigating before the arbitration panel, his only argument about repayment of the loan was that he had the right to be compensated for his book of business. The Tax Court disagreed that this was his only argument, pointing to other arguments he made and concluding that he did not show that the extinguishment of the loan was "solely for the acquisition of [his] book of business."[11] That was not a misstatement of the burden of proof, but rather a response to the arguments Connell himself made.

For the foregoing reasons, we will affirm the Tax Court's judgment.

---

[11] JA39.